*E-Filed: January 21, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RACHEL GARCIA, | No. C13-04849 HRL |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO CHANGE VENUE** |
| v. | |
| ANDREA DALTON, ET AL., | [Re: Docket No. 9] |
| Defendants. | |

Plaintiff Rachel Garcia sues Andrea Dalton and the Law Offices of Andrea Dalton LLP for professional negligence concerning their representation of Garcia for potential claims arising from Garcia's injuries related to the drug Lamotrigine. Garcia filed the lawsuit in the Superior Court of California for the County of Santa Clara, and Defendants removed it to this district. Defendants now move to change venue to the District of Colorado.

BACKGROUND

Garcia is a resident of San Jose, California who allegedly suffered a severely adverse reaction to the prescription drug Lamotrigine from October to December of 2010. All of Garcia's resulting medical treatment took place in California. While she was in a coma at the Santa Clara Valley Medical Center in San Jose, Garcia's family contacted Dalton, a Denver attorney licensed to practice solely in Colorado. In January 2011, Dalton flew to California to meet with Garcia in San Jose where they executed an "Investigation and Fee Agreement." Motion to Change Venue, dkt. 9, Ex. A, "Agreement." The Agreement provided, in pertinent part:

> Attorneys shall conduct an investigation into and representing client in pursuing claims related to injuries caused by lamotrogine for injuries to Client resulting from the development, manufacture, marketing, distribution, sale, and administration of the prescription medication lamotrogine. The purpose of this investigation is to determine whether the facts and law are such that Client has a potentially viable legal claim against TEVA Pharmaceuticals Industries, Ltd. arising from injuries sustained by Client from ingesting lamotrogine.
>
> .      .      .
>
> Client will not communicate with or enter into any agreement with any other lawyer or law firm regarding injuries resulting from Lamotrogine, unless and until Client has received from Attorneys written notice that Attorneys have elected not to pursue said claims or continue such representation.

According to Defendants, the resulting investigation was conducted in Colorado. Ultimately, Dalton declined to represent Garcia and sent her a letter to that effect in June 2012. Opposition to Motion to Change Venue, Dkt. 14, Ex. 4. That letter's subject line read: "RE: Medical Malpractice Action" and the body further provided:

> Under California law regarding medical malpractice, you have three years from the date of injury in which to bring an action for medical malpractice. Your statute of limitations would run on October 30, 2013. Since you took the generic version of Lamictal, you are unable to sue the manufacturer based upon the *Mensing* opinion issued by the United States Supreme Court last year.

The statute of limitations for medical malpractice in California is, in fact, "three years after the date of injury *or* one year after the plaintiff discovers . . . the injury, *whichever occurs first*." Cal. Civ. Proc. Code § 340.5 (emphasis added).

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . . ." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks removed). "A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Such factors may include:

(1) the location where the relevant agreements were negotiated and executed;
(2) the state that is most familiar with the governing law;
(3) the plaintiff's choice of forum;
(4) the respective parties' contacts with the forum;

(5) the contacts relating to the plaintiff's cause of action in the chosen forum;
(6) the differences in the costs of litigation in the two forums;
(7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and
(8) the ease of access to sources of proof.

*Id.* at 498-99.[1]

"The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. c. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

## DISCUSSION

As threshold matters, the parties agree that venue is proper in this court and that the suit could have been brought in the District of Colorado as well. However, the parties disagree as to which is the more appropriate forum with respect to convenience and fairness.

Underlying this disagreement is another more fundamental one over what will be the focus of this litigation. Defendants contend this legal malpractice case primarily involves the adequacy of their representation with respect to the investigation of Garcia's potential products liability claims against TEVA. Therefore, the primary focus will be the investigation, which was performed in Colorado. On the other hand, Garcia asserts that the primary basis of her legal malpractice claim is that Dalton negligently misinformed her about the statute of limitations for her California medical malpractice claim. Therefore, a "case within a case" will be necessary, and the most significant aspect of the litigation will be the underlying California medical malpractice claim. Defendants counter that the underlying facts of Garcia's medical malpractice claim are irrelevant to this inquiry, particularly in view of the fact that Defendants did not represent her with respect to that claim, per the terms of the Agreement.

Regardless of whether Defendants had any obligation under the Agreement with respect to Garcia's medical malpractice claim (the language is less than clear), Garcia alleges that Dalton

---

[1] Several similar variations on these factors have been applied by courts. *See, e.g.*, *Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009). Here, the parties addressed the issue within the following six-factor framework: (1) plaintiff's choice of forum, (2) location where the claim arose, (3) the parties' respective contacts with the forum, (4) the ease of access to sources of proof, (5) the availability of compulsory process to compel attendance of unwilling witnesses, and (6) the forum most familiar with the governing law. Motion at 5; Opposition at 6. Nevertheless, they touched on all the factors raised by *Jones* and the Court will adhere to the *Jones* framework.

negligently provided misinformation as to the statute of limitations of that claim. Thus, at this early stage in the litigation, it appears that the underlying medical malpractice claim may be significant and should be considered in determining whether a change of venue is appropriate. With that in mind, and as discussed more fully below, Defendants have failed to make a strong showing of inconvenience such that this case should be transferred to the District of Colorado.

(1) The Location Where the Relevant Agreements Were Negotiated and Executed

Defendants argue that this factor weighs in their favor because the Agreement "was prepared and executed, at least in part, in the State of Colorado." Motion at 6. However, Garcia asserts that Dalton flew to San Jose to meet with her to execute the agreement, and therefore, this factor favors venue in the Northern District of California. Although the Agreement may have been drafted in Colorado, it seems likely that any negotiation or discussion of the terms of the Agreement took place when Dalton came to San Jose to meet with Garcia. Thus, this factor weighs against transferring to the District of Colorado.

(2) The State That Is Most Familiar with the Governing Law

Defendants argue that this factor weighs in favor of transferring to the District of Colorado because a choice of law analysis dictates that Colorado law should apply, and the District of Colorado is necessarily more familiar with Colorado law than is this Court. However, Defendants also concede that it "does not appear that a significant conflict exists between Colorado and California law concerning professional negligence claims against attorneys." Motion at 8. Without undergoing a full choice of law analysis, it suffices to say now that the lack of a significant conflict between the states' legal malpractice laws diminishes the importance of this factor, regardless of whose law actually applies. In any case, California law applies to the underling medical malpractice claim. Thus, if not a wash, this factor weighs in Garcia's favor.

(3) The Plaintiff's Choice of Forum

The plaintiff did not choose this Court, as the action was removed from Santa Clara County Superior Court. Nevertheless, she chose California as her forum, not Colorado, and this Court is conveniently located in the city in which she resides. Plaintiff's election to pursue her claim locally is accorded substantial weight.

4

(4) The Respective Parties' Contacts with the Forum

Defendants reside and Dalton is licensed to practice solely in Colorado. There is no evidence of Defendants' contacts with California outside of this case. Garcia is a California resident who has never been to Colorado. She asserts that her only contact with the state is the occasional phone call from Dalton. Defendants point out that Garcia knowingly contracted with residents of Colorado and knew that the investigation would be conducted in Colorado. However, the inverse is true of Dalton, that she knowingly contracted with a California resident whose claim arose in California. The tiebreaker here is that Dalton actually flew to San Jose to meet with Garcia and retain her as a client. Accordingly, Defendants' contacts with this district are at least slightly more substantial than Garcia's contacts with Colorado, and this factor weighs in favor of maintaining the action in this Court.

(5) The Contacts Relating to the Plaintiff's Cause of Action in the Chosen Forum

As discussed above, looking forward from this early stage of the litigation, it appears that the underlying claim for medical malpractice will be a significant issue in this litigation and is an appropriate consideration for this motion. Accordingly, the events giving rise to the medical malpractice claim, which took place within this district, are "contacts relating to the plaintiff's cause of action in the chosen form." While the allegedly deficient legal representation was performed in Colorado, the underlying claim that is the subject of the alleged professional negligence occurred in California. Thus, this factor is roughly equal on both sides.

(6) The Differences in the Costs of Litigation in the Two Forums

The parties do not address the costs of litigation except as it pertains to factors seven and eight, below. Thus, standing alone, this factor does not favor either party.

(7) The Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses

This factor also boils down to which factual inquiry will be the focus of the litigation: the investigation in Colorado or the medical malpractice claim in California? Defendants assert that all the potential witnesses, save for Garcia herself, are located in Colorado, and because the Court cannot compel these non-party Colorado witness to travel to California to be deposed, the

depositions would have to be done in Colorado. Notwithstanding that Defendants and one of their retained counsel are in Colorado, they assert that having to travel to Colorado to depose Colorado witnesses will add significant costs. On the other hand, Garcia contends that the majority of potential witnesses will be in California to testify as to the underlying medical malpractice claim. At this point, the parties have not made their initial disclosures or prepared witness lists, so it is unknown exactly who will need to be deposed. Accordingly, this factor does not favor either party.

(8)     The Ease of Access to Sources of Proof

Again, at this point it is not clear which part of the action will be the focus of the litigation. Therefore, this factor is also even on both sides.

## CONCLUSION

None of the factors considered above clearly weigh in favor of transferring the case to the District of Colorado, and several suggest that this district is the more appropriate forum. Accordingly, the Motion for Change of Venue is DENIED.

**IT IS SO ORDERED.**

Dated: January 21, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-04849 HRL** Notice will be electronically mailed to:

Alicia Ryan Kennon        akennon@wshblaw.com, adevilbiss@wshblaw.com, sreindl@wshblaw.com

Dennis Boyd Polk        dbp@haplaw.net

Gregory P. Arakawa        GARAKAWA@WSHBLAW.COM, DRR@WSHBLAW.COM

Steven Harris Schultz        steve@schultzinjurylaw.com, tina@schultzinjurylaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**